**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LEVONIA GRAY**  **PETITIONER**
**ADC #79784**

**VS.**  **CASE NO.: 5:12CV00039 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**  **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**  **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Chief Judge J. Leon Holmes. Mr. Gray – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

**II.**     <u>Background</u>

A Pulaski County jury found Mr. Gray guilty of first-degree battery and first-degree terroristic threatening, and the circuit court sentenced him, as a habitual offender, to 30 years' imprisonment and 15 years' imprisonment, respectively, in the Arkansas Department of Correction, with the sentences to be served concurrently. (docket entry #9-5 at pp. 8-11) *Gray v. State*, No. CR 07-4122, 2009 Ark. App. 360, *1, 2009 WL 1233391 (unpublished).

Mr. Gray filed a direct appeal of his conviction arguing that the evidence was insufficient to support his conviction for first-degree battery because the prosecution failed to prove physical injury by means of a firearm. (#9-2 at p. 82) Specifically, Mr. Gray argued, as he does in the instant petition, that he attacked the victim with a gun, but that it was used as a striking device, not as a firearm. (#2 at p. 2) *Id*. at *1. The Arkansas Court of Appeals affirmed Mr. Gray's conviction and sentence without reaching the merits of his sufficiency-of-the-evidence argument, finding that Mr. Gray's trial counsel had not preserved a sufficiency-of-the-evidence argument by moving for directed verdict at trial. *Id.* at *2.

Mr. Gray filed a timely petition with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure claiming that his trial counsel was ineffective for failing to "raise critical issues at trial, which reasonably could have led to a different result on appeal." (#9-5 at p. 18)  The trial court denied the petition after a hearing.  (#9-5 at p. 35, #9-5 at pp. 44-47)

Mr. Gray appealed the trial court's denial of Rule 37 relief to the Arkansas Supreme Court.  (#9-8)   The Arkansas Supreme Court summarized Mr. Gray's argument and the relevant facts as follows:

> Appellant argues that the trial court incorrectly denied relief based on ineffective assistance of counsel.  At trial, defense counsel declined to move for directed verdict at the close of the State's case.  When the prosecutor inquired about a motion for directed verdict and expressed a concern about presenting an ineffective-assistance-of-counsel claim, defense counsel did not respond, but he stated that if the State did not think it had enough evidence, then he would agree to dropping the charges.  At that time, defense counsel did not make a motion for directed verdict.  After calling one witness, defense counsel rested without making any motion to the circuit court, and the circuit court ruled that there was sufficient evidence to go to the jury.

*Gray v. State*, 2011 Ark. 376, *3, 2011 WL 4396956, **1.  The Arkansas Supreme Court affirmed the trial court.  It found that adequate evidence was presented at trial to support the trial court's determination that it would have denied the motion for directed verdict if it had been properly made and renewed.  *Id*. at *3-4.  It held that Mr. Gray had failed to demonstrate that he was prejudiced by counsel's failure to move for a directed verdict in order to satisfy the second prong of the *Strickland* test.  *Id*. at *4.

In this petition, Mr. Gray raises the following grounds for relief: (1) trial counsel failed to raise a possible meritorious issue at trial or on appeal; (2) trial counsel failed to file an appeal, move for a directed verdict, or challenge the convictions, other than the battery conviction, on appeal; (3) trial counsel failed to make an appropriate motion at trial; and (4) trial counsel failed to argue that the evidence was insufficient to support his battery conviction. (#2 at pp. 5-9, #3 at pp. 1-4)

For the reasons set forth below, Mr. Gray's petition should be dismissed with prejudice.

### III.   Ineffective Assistance of Counsel

#### A.   Standard of Review

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A decision is an unreasonable application of federal law if the state court identifies the correct governing legal principle from the United States Supreme Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000). "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside only if they are not fairly supported by the record. *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

B.   Ineffective Assistance of Counsel at Trial

Mr. Gray's first, third, and fourth grounds for relief in this petition involve claims that his counsel failed to move for directed verdict and, because of that failure, did not preserve meritorious issues for appeal.

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal trial. "That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687

(1984)). Thus, in order to prevail on a habeas corpus claim of ineffective assistance of counsel, a petitioner must show: (1) that trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) that there is a reasonable probability that the outcome of the trial would have been different but for the substandard performance of trial counsel. See *Strickland,* 466 U.S. at 687-94. Furthermore, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

Here, the Arkansas Supreme Court reasonably addressed Mr. Gray's ineffective-assistance-of-counsel claims, applying the standard set forth in *Strickland*. *Gray*, 2011 Ark. at *2-3. The Arkansas Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law. The Court analyzed whether Mr. Gray was prejudiced by his counsel's failure to move for a directed verdict and concluded that Mr. Gray had failed to satisfy the second prong of the *Strickland* test. *Id*. at *3-4.

Further, the Arkansas Supreme Court's decision was not based on an unreasonable determination of the facts in the light of the evidence presented. The facts relied upon by

the Arkansas Supreme Court are supported by the evidence that was admitted at Mr. Gray's jury trial. (#9-6 at pp. 25-30, 69-70) *Id*. at *3-4.

As the Arkansas Supreme Court noted, at trial, the victim testified that Mr. Gray, who lived at the same residence, kicked in his bedroom door, fired one shot at him, and hit him with the gun on the left side of his face, causing the gun to discharge. The bullet struck the victim on the left side of his neck, requiring several stitches. The victim also testified that Mr. Gray said that he wanted to kill him and led him out of the house with one pistol to the back of his head and one pointed at his back. The victim further testified that, while the two were outside, Mr. Gray hit him again on the side of his face with a gun, and that when he fled down the street, Mr. Gray shot at him. (#9-6 at pp. 25-30)

Another witness testified that Mr. Gray came into the house, told her he had shot the victim, and then attempted to hide two guns under the washing machine as the police arrived. (#9-6 at p. 69-70)

Based on the testimony presented at trial, it was not unreasonable for the trial court and the Arkansas Supreme Court to conclude that Mr. Gray had not established prejudice in order to succeed on his ineffective-assistance-of-counsel claim. Accordingly, Mr. Gray is not entitled to relief on his first, third, and fourth claims that are based on the alleged ineffective assistance of his trial counsel.

C. Ineffective Assistance of Counsel on Direct Appeal

For his second ground for relief, Mr. Gray claims that his counsel was ineffective for failing to file an appeal, "post any motion," or move for a directed verdict, and for failing to challenge all but the first-degree battery conviction on appeal. (#2 at p. 6)

Mr. Gray's trial counsel filed a direct appeal on his behalf. (#9-2) To the extent Mr. Gray is arguing that his counsel was ineffective for failing to move for directed verdict on his first-degree terroristic threatening offense and for failing to raise a sufficiency-of-the-evidence claim on that charge on direct appeal, that claim is procedurally defaulted.

Mr. Gray did not raise any claim in the state courts regarding his terroristic-threatening conviction, and the time for doing so has passed. *Gray v. State*, 2009 Ark. App. at *1; ARK. R. APP. P. CRIM. 2; *Boivin v. Hobbs*, 2011 Ark. 384, *2, 2011 WL 4396972, **1 (state habeas-corpus proceeding may not be used to address issues that could have been raised on direct appeal)(citation omitted).

Further, Mr. Gray did not raise a claim of ineffective assistance of counsel based on his counsel's representation of him in his Rule 37 petition or in his appeal to the Arkansas Supreme Court. (#9-5 at pp. 12-18) *Gray v. State*, 2011 Ark. at *1-2; ARK. R. CRIM. P. 37.2(b) (2011). Accordingly, he did not exhaust a claim that his counsel's representation on direct appeal was constitutionally ineffective. See *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion requires that a petitioner

present his claims through one complete round of the state's established appellate review process).

Mr. Gray can overcome the procedural default of this claim by establishing cause for the default and prejudice, or by demonstrating that a failure to hear his case would result in a fundamental miscarriage of justice. *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (citing Coleman, 501 U.S. at 750). Mr. Gray has neither come forward with an argument establishing cause for his default, nor offered new evidence supporting a claim of actual innocence so as to establish that there has been a fundamental miscarriage of justice. Accordingly, his claim of ineffective assistance of counsel on direct appeal is procedurally defaulted.

## IV. Conclusion

The Court recommends that Judge Holmes dismiss Mr. Gray's petition for writ of habeas corpus, with prejudice.

DATED this 17th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE